J-S14025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMILY ELISABETH PROWANT | : | |
| | : | |
| Appellant | : | No. 1442 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 22, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000043-2020

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 22, 2021**

Appellant Emily Elisabeth Prowant appeals from the Judgment of Sentence imposed after the trial judge convicted her of Driving Under the Influence-Highest Rate (2nd offense).[1] Appellant challenges the denial of her Motion to Suppress. After careful review, we affirm on the basis of the suppression court's Opinion filed June 24, 2020.

We glean the underlying facts from the trial court's opinion denying Appellant's Motion to Suppress. At approximately 2:00 AM on September 9, 2019, Officer Joseph Scharf of the State College Police Department was monitoring traffic when he observed Appellant driving her vehicle very fast on High Street, in comparison to other vehicles travelling on the same road at the same time. Officer Scharf followed the vehicle as it continued on East

_____

[1] 75 Pa.C.S. § 3802(c).

College Avenue and observed the vehicle weaving in its lane and crossing over the fog line by a few feet at least twice. He initiated a traffic stop and upon approaching the vehicle, smelled alcohol. In speaking with Appellant, Officer Scharf noticed her face was flushed and her eyes were red and watery. Appellant admitted to having consumed alcohol thirty minutes prior to the stop. Officer Scharf conducted field sobriety tests, which Appellant failed. Officer Scharf arrested her and transported her to the hospital where a blood draw revealed a blood alcohol content ("BAC") of 0.212%. The Commonwealth charged her on November 14, 2019, with two counts of DUI and one count of Driving on Roadways Laned for Traffic, 75 Pa.C.S. § 3309.[2]

Appellant filed a Motion to Suppress asserting that Officer Scharf did not have probable cause to initiate the traffic stop. The suppression court held a hearing on June 5, 2020, at which Officer Scharf testified that he saw Appellant cross over the fog line by three or four feet two times in less than a mile. The court admitted dash cam video from Officer Scharf's vehicle showing Appellant crossing over the fog line on four separate occasions. The court concluded that based on the totality of the circumstances, Officer Scharf had probable cause to believe a violation of the traffic code had occurred. Accordingly, the

---

[2] 75 Pa.C.S. § 3309(1) provides that a "vehicle shall be driven as nearly as practicable entirely within a single lane[.]"

court held that the traffic stop was constitutional, and any evidence obtained as a result of the stop would not be suppressed.[3]

On August 27, 2020, Appellant proceeded to a stipulated bench trial[4] at which, *inter alia*, the trial court admitted the dash cam video and the notes of testimony from the suppression hearing. The court explicitly found Appellant guilty of count 2, DUI-Highest Rate (2nd offense) after the Commonwealth indicated it was "not moving forward on" counts 1 and 3.  N.T., 8/27/2020, at 9.

On October 22, 2020, the court sentenced Appellant to a five-year term of probation with restrictive conditions, including 120 days' in-home detention, for DUI-Highest Rate (2nd offense).[5, 6]

_____

[3] The court also concluded that the stop was supported by Officer Scharf's reasonable suspicion that Appellant was driving while intoxicated after he observed her vehicle's excessive speed, weaving, and crossing the fog line four times.  Tr. Ct. Op., 6/24/20, at 5-6.

[4] At the same August 27, 2020 proceeding, prior to the instant stipulated trial, the Commonwealth revoked ARD imposed in connection with a prior DUI-Highest Rate docketed at No. CP-14-CR-1919-2018, and Appellant entered a negotiated guilty plea to that offense.

[5] At the sentencing proceeding, the court first sentenced Appellant on docket no. 1919-2018 to 72 hours' incarceration. ***See*** N.T. Sentencing, 10/22/2020, at 3, 7.  The court imposed the sentence in the instant case to run consecutive to that prior sentence.  ***Id***. at 10.

[6] Notwithstanding that the trial court's docket indicates the court found Appellant not guilty of Counts 1 and 3, the sentencing order explicitly states that there shall be no separate sentence for Counts 1 and 3.  Order, filed 11/6/2020, at ¶14.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court responded by relying on its June 24, 2020 Opinion denying the Suppression Motion.

Appellant raises the following issue for our review:

Whether the trial court erred in denying [Appellant's] Motion to Suppress evidence obtained as a result of an illegal stop?

Appellant's Br. at 6.

Appellant contends that the court erred in denying her suppression motion because there was no evidence that Appellant's "momentary deviations from [her] line of travel . . . endanger[ed] public safety. *Id*. at 16. This argument fails to garner relief.

We review the suppression court's denial of a motion to suppress to determine whether the record supports the court's factual findings and whether the legal conclusions drawn from those facts are correct. *Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007). In conducting this review, we consider "only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole." *Id.* We are bound by the facts as found by the suppression court, so long as they are supported by the record. *Id.* We "may reverse only if the legal conclusions drawn therefrom are in error." *Id.*

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." **Commonwealth v. Elmobdy**, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

We have carefully reviewed the record, including the notes of testimony from the suppression hearing. As summarized above, the suppression court thoroughly reviewed the evidence presented at the suppression hearing before filing a comprehensive Opinion setting forth statutory and case law pertaining to the constitutionality of traffic stops that are supported by reasonable suspicion and probable cause. Tr. Ct. Op., at 1-4. Our review of the record and relevant case law supports the court's factual findings and legal conclusions. We, thus, affirm on the basis of the suppression court's Opinion.

The parties are directed to annex the suppression court's June 24, 2020 Opinion to any future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2021

- 5 -


Circulated 05/25/2021 11:24 AM

00010155    CCGPRO 2020 07

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA　　　　　:

　　　　　v.　　　　　　　　　　　　　　　　　:　　　　No. CP-14-CR-0043-2020

EMILY PROWANT,　　　　　　　　　　　　:
　　　　Defendant　　　　　　　　　　　　　:

*Attorney for the Commonwealth:*　　　　　　*Joshua Bower, Esq.*
*Attorney for Defendant:*　　　　　　　　　　*Andrew J. Shubin, Esq.*

### OPINION and ORDER

**Ruest, P.J.**

Presently before the Court is Emily Prowant's ("Defendant") Motion to Suppress Evidence filed on February 21, 2020. A hearing was held June 5, 2020. Upon review of the evidence and arguments of counsel, the Court finds as follows:

### Findings of Fact

1.  Defendant was charged by Criminal Complaint dated November 14, 2019 with one (1) count of Driving Under the Influence pursuant to 75 Pa.C.S.A. §3802(a)(1), one (1) count of Driving Under the Influence pursuant to 75 Pa.C.S.A. §3802(c), and one (1) count of Driving on Roadways Laned for Traffic (Summary) pursuant to 75 Pa.C.S.A. §3309.

2.  On September 9, 2019, Officer Joseph Scharf of the State College Police Department ("Officer Scharf") made a traffic stop of Defendant on East College Avenue.

3.  At approximately 2:00 a.m., Officer Scharf was monitoring traffic from his patrol car when he observed a white Toyota Prius driving visibly fast on the 100 block of High Street.

4.  Officer Scharf noted the vehicle was being driven visibly fast in comparison to the approximate speed of other vehicles traveling on the same road at that time.

☒O ☐RD ☐S

Appendix "B"

5. Officer Scharf followed the vehicle, which continued eastbound on East College Avenue.

6. Officer Scharf observed it cross over the fog line by a few feet on two separate occasions.

7. Video from Officer Scharf's dashboard camera in his patrol vehicle showed the vehicle weaving in its lane and cross over the fog line on four separate occasions

8. Officer Scharf then activated his emergency lights and initiated a traffic stop.

9. Upon approaching the vehicle, Officer Scharf detected an odor of alcohol, observed Defendant's face was flushed and her eyes were red and watery.

10. Defendant admitted to having consumed alcohol thirty minutes prior to the stop and had trouble locating her registration paperwork.

11. Officer Scharf asked Defendant to exit the vehicle and administered field sobriety tests.

12. Defendant performed unsatisfactorily on the field sobriety tests, was placed under arrest, and was transported to the Mount Nittany Medical Center, where a blood draw revealed a 0.212% BAC.

## Conclusions of Law

1. Suppression of evidence is governed by Pennsylvania Rule of Criminal Procedure 581, which permits a Defendant to make a motion "to suppress any evidence alleged to have been obtained in violation of the defendant's rights." Pa.R.Crim.P. 581.

2. At a suppression hearing, the Commonwealth has the burden of proving the evidence was properly obtained by a preponderance of the evidence. *Commonwealth v. Galendez,* 2011 PA Super, 180, 27 A.3d 1042, 1046.

3. Police officers may conduct a vehicle stop when they possess probable cause that a traffic violation has occurred. *Commonwealth v. Chase,* 599 Pa. 80, 960 A.2d 108, 113 (2008).

2

4. "Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. Probable cause justifying a warrantless arrest is determined by the totality of the circumstances." *Galendez*, 27 A.3d at 1046 (*quoting Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008))

5. An officer may stop a car if he has reasonable suspicion to suspect that a violation of the Motor Vehicle Code is occurring. 75 Pa.C.S.A. §6308(b); *see Commonwealth v. Smith*, 2007 PA Super. 25, 917 A.2d 848; *see also Chase*, 960 A.2d 108; *Commonwealth v. Holmes*, 609 Pa. 1, 14 A.3d 89 (2011).

6. "[A] vehicle stop based solely on reasonable suspicion of a motor vehicle violation 'must serve a stated investigatory purpose.'" *Commonwealth v. Bozeman*, 2019 PA Super. 70, 205 A.3d 1264, 1270, appeal denied, 217 A.3d 809 (Pa. 2019).

7. A determination of reasonable suspicion is reached by a Court by looking at the totality of the circumstances and determining if there are facts to support a reasonable belief that the law is being broken. *See Smith*, 917 A.2d 848; *Holmes*, 14 A.3d 89; *Commonwealth v. Fulton*, 2007 PA Super. 97, 921 A.2d 1239.

8. "[A]n officer must be able to point to specific and articulable facts which led him to reasonably suspect a violation of the Motor Vehicle Code." *Holmes*, 14 A.3d at 96.

9. "Reasonable suspicion sufficient to stop a motorist must be viewed from the standpoint of an objectively reasonable police officer." *Chase*, 960 A.2d at 120 (*citing Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657 (1996)).

3

10. "[C]ourts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention." *Holmes*, 14 A.3d at 95–96 (*citing* ***Commonwealth v. Cook***, 558 Pa. 50, 735 A.2d 673, 676 (1999)).

## Discussion

Suppression of evidence is governed by Pennsylvania Rule of Criminal Procedure 581, which permits a Defendant to make a motion "to suppress any evidence alleged to have been obtained in violation of the defendant's rights." Pa.R.Crim.P. 581. Defendant asserts at the time the traffic stop was initiated, Officer Scharf lacked probable cause to believe Defendant had violated 75 Pa.C.S.A. §3309 (Driving on Roadways Laned for Traffic). Defendant claims where a vehicle is driven outside the lane of traffic for just a momentary period of time and in a minor manner, a traffic stop is unwarranted. After reviewing the evidence and testimony under the totality of the circumstances, this Court finds Officer Scharf had probable cause to initiate a traffic stop of Defendant for violation of 75 Pa.C.S.A. §3309 and also had a reasonable suspicion to initiate a traffic stop for Driving Under the Influence.

Police officers may conduct a vehicle stop when they possess probable cause that a traffic violation has occurred. *Chase*, 960 A.2d at 113. The Commonwealth has the burden of proving by a preponderance of the evidence the vehicle stop of Defendant was accompanied by probable cause. *See Galendez, supra*. A preponderance of the evidence standard is met when the Commonwealth has proven it is more likely than not the acquired evidence was obtained legally. *Id.* "Probable cause... is determined by the totality of the circumstances." *Id.* at 1046. Included in the Court's consideration of the totality of the circumstances are "the facts and circumstances

4

within the police officer's knowledge and of which the officer has reasonably trustworthy information…" *Id.*

Here, the Commonwealth established probable cause by a preponderance of the evidence through Officer Scharf's testimony and his patrol vehicle's dashboard camera video of the incident. Officer Scharf testified he observed Defendant's vehicle cross over the fog line by three or four feet twice in less than a mile. The dash-cam video shows Defendant's vehicle cross the fog line on four separate occasions. The video also shows a number of vehicles driving by on the road before and during the traffic stop as well as a PennDOT sign about three or four feet off the fog line on the shoulder of the road, which Defendant passed. Section 3309(1) of the Motor Vehicle Code states "[a] vehicle shall be driven as nearly as practicable entirely within a single lane…" 75 Pa.C.S.A. § 3309. Based on the totality of the circumstances, Officer Scharf had probable cause to believe Defendant violated 75 Pa.C.S.A. §3309. Given that Officer Scharf had probable cause to believe a violation of the Motor Vehicle Code had occurred, his initiation of a traffic stop of Defendant was not unconstitutional and evidence obtained as a result of the stop will not be suppressed.

Even if the Commonwealth had failed to establish the probable cause needed for a 75 Pa.C.S.A. §3309(1) traffic stop, Officer Scharf had reasonable suspicion to conduct a stop of Defendant for Driving Under the Influence. Police officers may conduct a traffic stop if they have reasonable suspicion to suspect that a violation of the Motor Vehicle Code is occurring. 75 Pa.C.S.A. §6308(b); *see Smith*, 917 A.2d 848; *Chase*, 960 A.2d 108; *Holmes*, 14 A.3d 89 (2011). According to Section 6308(b), "a vehicle stop based solely on reasonable suspicion of a motor vehicle violation 'must serve a stated investigatory purpose'" relevant to the suspected

5

violation. *Bozeman*, 205 A.3d at 1270; see also *Commonwealth v. Feczko*, 2010 PA Super 239, 10 A.3d 1285, 1291.

Reasonable suspicion is determined by looking at the totality of the circumstances and determining if there are facts to support a reasonable belief that the law is being broken. *See Smith*, 917 A.2d 848; *Holmes*, 14 A.3d 89; *Fulton*, 921 A.2d 1239. An officer making a stop based on reasonable suspicion must be able to identify "specific and articulable facts which led him to reasonably suspect a violation of the Motor Vehicle Code." *Holmes*, 14 A.3d at 96. Reasonable suspicion "must be viewed from the standpoint of an objectively reasonable police officer." *Chase*, 960 A.2d at 120 (*citing Ornelas*, 517 U.S. at 696). Due weight must be given to "the specific, reasonable inferences drawn from the facts in light of the officer's experience..." *Holmes*, 14 A.3d at 95–96 (*citing Cook*, 735 A.2d at 676).

Here, the Commonwealth established by a preponderance of the evidence that Officer Scharf had reasonable suspicion to initiate a traffic stop to investigate whether Defendant was Driving Under the Influence. In his testimony, Officer Scharf stated he observed Defendant's vehicle traveling visibly fast in comparison to the approximate speed of other vehicles on the same street. After Officer Scharf began following Defendant's vehicle, he observed Defendant's vehicle weave in its lane and cross the fog line by three or four feet twice. The dash-cam video confirms Officer Scharf's testimony and shows Defendant's vehicle cross the fog line as many as four times. When viewed from the standpoint of an objectively reasonable officer, Defendant's speed, weaving, and repeated crossing of the fog line, along with the time of night (2:00 a.m.), are specific and articulable facts which establish reasonable suspicion. After reviewing the evidence presented by the parties under the totality of the circumstances, there was sufficient reasonable suspicion to initiate a traffic stop of Defendant for Driving Under the Influence.

6

## ORDER

AND NOW, this 24th day of June, 2020, Defendant's Motion to Suppress Evidence is

**DENIED.**

BY THE COURT:

_____
Pamela A. Ruest, President Judge

7